ALITO, Circuit Judge,
concurring and dissenting, with whom Judge GREENBERG, joined.
I join all but part TV of the opinion of the court. As I read the plaintiffs’ complaint, it asserts a substantive due process claim under a line of panel decisions that stems from Bello v. Walker, 840 F.2d 1124 (3d Cir.), cert. denied, 488 U.S. 851 and 868, 109 S.Ct. 134 and 176, 102 L.Ed.2d 107 and 145 (1988). See also Blanche Road Corp. v. Bensalem Township, 57 F.3d 253, 268 (3d Cir.), cert. denied, — U.S. —, 116 S.Ct. 303, 133 L.Ed.2d 208 (1995); DeBlasio v. Zoning Board of Adjustment, 53 F.3d 592, 599-601 (3d Cir.), cert. denied, — U.S. —, 116 S.Ct. 352, 133 L.Ed.2d 247 (1995); Midnight Sessions, Ltd. v. City of Philadelphia, 945 F.2d 667, 683 (3d Cir.1991), cert. denied, 503 U.S. 984, 112 S.Ct. 1668, 118 L.Ed.2d 389 (1992). Bello and the subsequent panel decisions — which followed Bello, as was of course required — seem to hold that substantive due process is violated whenever a government official who harbors “some improper motive,” Midnight Sessions, Ltd., 945 F.2d at 683, deprives a person of certain property rights, apparently including the unrestricted use of the person’s real estate. See DeBlasio, 53 F.3d at 600-01.
Under these decisions, the plaintiffs could prevail on remand by showing simply that the defendants deprived them of a protected property interest for some “improper motive”; a motive that is violative of the First Amendment would not have to be shown. As the plaintiffs stated in their brief, under Bel-lo, “[i]n the land use context, ... [w]here there is a deliberate and arbitrary abuse of *-1392 government power, an individual’s right to substantive due process may be violated.”
Rather than applying (and thus reaffirming) Bello and its progeny, the majority has transformed the plaintiffs’ Bello claim into what is in essence a First Amendment claim,[1] and the majority thus requires them to show on remand that the defendants harbored an intent that was violative of the First Amendment. This narrowing interpretation of the complaint is not proper in an appeal from an order of dismissal under Fed.R.Civ.P. 12(b)(6), but this approach permits the majority to evade the question whether Bello was correct.
Since the plaintiffs have asserted a Bello claim, I think that the in banc court should confront the question whether Bello remains good law. If it does, the full court should not be hesitant to reaffirm it. But if — as the court’s approach here signals — the in banc majority is uncertain about Bello’s validity, the court should not skirt, the issue. The question is properly before us; Bello and its progeny are important decisions that are invoked with some frequency; and a resolution of the validity of these precedents as components of circuit law would be useful to the district courts and the bar. The majority’s approach, which leaves these decisions in limbo, may lead to much wasted litigation before the district courts and before panels of this court, which are of course bound by Bello until it is overruled by the in banc court or by the Supreme Court.
As I have previously suggested, see Homar v. Gilbert, 89 F.3d 1009, 1029-30 (3d Cir.1996) (Alito, J., concurring in part and dissenting in part), cert, granted on other issue, — U.S. —, 117 S.Ct. 678, 136 L.Ed.2d 604 (1997), I think that Bello was wrong and was based on a misreading of Supreme Court precedent. In Bello, the plaintiffs claimed that certain municipal officials had “improperly interfered with the process by which the municipality issued building permits, and that they did so for partisan political or personal reasons unrelated to the merits of the application for the permits.” 840 F.2d at 1129. The panel held that “[tjhese actions ... if proven, are sufficient to establish a substantive due process violation_” Id. at 1129-30. The panel wrote:
The Supreme Court has discussed the scope of the substantive due process right in a number of recent cases. In Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), the Court, in holding that the due process clause was not implicated by a state’s negligent deprivation of life, liberty or property, pointed out that the guarantee of due process has historically been applied to deliberate decisions of government officials. Id. at 331, 106 S.Ct. at 665. The Court noted that the clause was “ ‘ “intended to secure the individual from the arbitrary exercise of the powers of government,” ’ ” id. (quoting Hurtado v. California, 110 U.S. 516, 527, 4 S.Ct. 111, 116, 28 L.Ed. 232 (1884) (quoting Bank of Columbia v. Okely, 4 Wheat. (17 U.S.) 235, 244, 4 L.Ed. 559 (1819))), and distinguished the Daniels case from cases involving an abuse of power.
In the related case of Davidson v. Cannon, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986), the Court held that mere negligence on the part of a state does not amount to an abuse of state power such that constitutional due process is implicated. Justice Blackmun, dissenting, noted that he agreed with the majority’s conclusion that a “deprivation must contain some element of abuse of governmental power, for the ‘touchstone of due process is protection of the individual against arbitrary action of the government.’” Id. at 353, 106 S.Ct. at 673 (quoting Wolff v. McDonnell, 418 U.S. 539, 558, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974)). See also Arlington Heights v. Metropolitan Housing Dev. Corp., 429 U.S. 252, 263, 97 S.Ct. 555, 562, 50 L.Ed.2d 450 (1977) (constitutional due *-1391 process right to be free of arbitrary or irrational zoning action); Pace Resources, Inc. v. Shrewsbury Twp., 808 F.2d 1023, 1034 — 35 (3d Cir.), cert. denied, [482 U.S. 906], 107 S.Ct. 2482, 96 L.Ed.2d 375 (1987) (to demonstrate violation of right to substantive due process, plaintiff must show that land use regulation was arbitrary or irrational). These cases reveal that the deliberate and arbitrary abuse of government power violates an individual’s right to substantive due process.
840 F.2d at 1128-29.
In my view, this analysis is clearly flawed. In the first place, neither Daniels v. Williams, supra, nor Davidson v. Cannon, supra, provides much guidance on substantive due process since neither was a substantive due process case. Instead, both concerned procedural due process. In Daniels, the plaintiff was an inmate who alleged that he had slipped and fallen on a pillow that had been left on the stairs by a correctional deputy. The Supreme Court summarized his constitutional claim as follows:
[The deputy’s] negligence, the argument runs, “deprived” [the plaintiff] of his “liberty” interest in freedom from bodily injury ...; because [the deputy] maintains that he is entitled to the defense of sovereign immunity in a state tort suit, [the plaintiff] is without an “adequate” state remedy.... Accordingly, the deprivation of liberty was without “due process of law.”
474 U.S. at 328, 106 S.Ct. at 663.
This was plainly a procedural, not a substantive, due process claim. Substantive due process bars certain government actions irrespective of the fairness of the procedures used to implement them, Collins v. City of Harker Heights, 503 U.S. 115, 125, 112 S.Ct. 1061, 1068-69, 117 L.Ed.2d 261 (1992), and the plaintiff in Daniels was not arguing that his due process rights would have been violated even if fair procedures had been available (i.e., even if he had been able to obtain a complete recovery for his damages) under state law. Rather, he was contending that the deprivation of his liberty interest was “without due process of law” because the state did not provide adequate post-deprivation procedures.
Similarly, the plaintiff in Davidson asserted a procedural, not a substantive, due process claim. In that case, the plaintiff was an inmate who claimed that prison officials had negligently failed to protect him from a fellow inmate who attacked him. The Court wrote:
[The plaintiff] emphasizes that he “does not ask this Court to read the Constitution as an absolute guarantor of his liberty from assault from a fellow prisoner, even if that assault is caused by the negligence of his jailers.” Brief for Petitioner 17. Describing his claim as “one of procedural due process, pure and simple,” id., at 14, all he asks is that [the state] provide him a remedy.
474 U.S. at 348, 106 S.Ct. at 670 (emphasis added).
Justice Stevens’ concurrence also emphasized that the claims in both Daniels and Davidson concerned procedural, not substantive, due process. He wrote:
I do not believe petitioners have raised a colorable violation of “substantive due process.” [16] Rather, ... Daniels and Davidson attack the validity of the procedures that Virginia and New Jersey, respectively, provide for prisoners who seek redress for physical injury caused by the negligence of corrections officers.
474 U.S. at 340 & n. 16, 106 S.Ct. at 679 & n. 16. Thus, it seems clear that neither Daniels nor Davidson was a substantive due process case. Moreover, neither Daniels nor Davidson provided any extended or novel discussion of substantive due process. Dan *-1390 iels devoted one sentence to the topic, see 474 U.S. at 331-32, 106 S.Ct. at 664-66, and Davidson did not mention it at all.
Despite the fact that Daniels and Davidson were not substantive due process cases and had little to say about substantive due process, Bello used them as the basis for an important substantive due process holding. From them, Bello extracted the unremarkable proposition that the constitutional guarantee of due process was intended to protect the individual against the arbitrary exercise of government power, and Bello then reasoned that “the deliberate and arbitrary abuse of government power violates an individual’s right to substantive due process.” 840 F.2d at 1129. This reasoning overlooked the fact that the primary means by which due process protects against the arbitrary exercise of power by government officials is by requiring fair procedures, i.e., by requiring adherence to principles of procedural due process. Only in extreme circumstances is it proper to invoke substantive due process.
In addition to Daniels and Davidson, Bello cited, in support of its substantive due process analysis, one other Supreme Court case, Arlington Heights v. Metropolitan Housing Dev. Corp., 429 U.S. 252, 263, 97 S.Ct. 555, 562, 50 L.Ed.2d 450 (1977), and one Third Circuit case, Pace Resources, Inc. v. Shrewsbury Twp., 808 F.2d 1023, 1034-35 (3d Cir.), cert. denied, 482 U.S. 906, 107 S.Ct. 2482, 96 L.Ed.2d 375, reh’g denied, 483 U.S. 1040, 108 S.Ct. 10, 97 L.Ed.2d 800 (1987). However, Bello seems to have misinterpreted these decisions in an important respect. Arlington Heights and Pace Resources stand for the principle that a zoning ordinance violates substantive due process if the zoning authority could not have had a rational basis for adopting it. As Pace explained, “‘federal judicial interference with a state zoning board’s quasi-legislative decisions, like invalidation of legislation for “irrationality” or “arbitrariness,” is proper only if the governmental body could have had no legitimate reason for its decision.’ ” 808 F.2d at 1034 (citation omitted) (emphasis added in Pace). Pace did not suggest that a plaintiff could state a valid substantive due process claim merely by alleging that an ill-motivated government official had interfered with the plaintiffs use of his or her real estate. On the contrary, Pace held that the challenged government actions in that case did not violate substantive due process even though a state court had found them to be “ ‘arbitrary and unjustifiably discriminatory.’” Id. at 1028, 1034 (citation omitted). Furthermore, Pace quoted with approval a First Circuit case, Creative Environments, Inc. v. Estabrook, 680 F.2d 822 (1st Cir.), cert. denied, 459 U.S. 989, 103 S.Ct. 345, 74 L.Ed.2d 385 (1982), which stated that a “conventional planning dispute,” “regardless of... defendants’ alleged mental states,” does not implicate substantive due process, “at least when not tainted with fundamental procedural irregularity, racial animus, or the like.” Id. at 833 (emphasis added).
Bello, however, took the highly deferential, objective test set out in Arlington Heights and Pace — whether the zoning authority could have had a rational basis for its action — and turned it into a subjective test of good faith, i.e., whether municipal officials’ actions in connection with land use matters were taken for “partisan political or personal reasons unrelated to the merits of the application for the permits.” 840 F.2d at 1129. This was a significant step, see 2 Ronald D. Rotunda and John E. Nowak, Treatise on Constitutional Law § 15.4 at 415 n.60 (1992 & 1996 Supp.), and the Bello court did not provide any explanation for it.
The Supreme Court has stated: “As a general matter, the Court has always been reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking are scarce and open-ended_ The doctrine of judicial self-restraint requires us to exercise the utmost care whenever we are asked to break new ground in this field.” Collins, 503 U.S. at 125, 112 S.Ct. at 1068. However, Bello broke new ground, without acknowledging that it was doing so, and I see nothing in Bello or the eases that have followed it that convinces me that every ill-motivated governmental action that restricts the use of real estate constitutes a violation of substantive due process. Most of the serious abuses that occur in this area, such as instances of invidious discrimination, can be redressed by other *-1389 means, in either federal or state court or both. Under Bello and its progeny, however, mundane land-use disputes that belong in state court are transformed into substantive due process claims cognizable under 42 U.S.C. § 1988. In addition, these precedents may well be extended to other fields, such as public employment, see e.g., Homar v. Gilbert, 89 F.3d at 1021; id. at 1026-28 (Alito, J., concurring in part and dissenting in part). I would curtail this trend and would overrule Bello and the cases that followed it. See Chesterfield Dev. Corp. v. City of Chesterfield, 963 F.2d 1102, 1104-05 (8th Cir.1992) (holding that allegations that city arbitrarily applied zoning ordinance were insufficient to state a substantive due process claim, and stating in dicta that “[o]ur decision would be the same even if the City had knowingly enforced the invalid zoning ordinance in bad faith_ A bad-faith violation of state law remains only a violation of state law.”); PFZ Properties, Inc. v. Rodriguez, 928 F.2d 28, 32 (1st Cir.1991) (“Even assuming that ARPE engaged in delaying tactics and refused to issue permits for the Vacia Talega project based on considerations outside the scope of its jurisdiction under Puerto Rico law, such practices, without more, do not rise to the level of violations of the federal constitution under a substantive due process label.”), cert. dismissed, 503 U.S. 257, 112 S.Ct. 1151, 117 L.Ed.2d 400, reh’g denied, 504 U.S. 935, 112 S.Ct. 2001, 118 L.Ed.2d 597 (1992); Rivkin v. Dover Tp. Rent Leveling Bd., 143 N.J. 352, 371, 671 A.2d 567, 577 (holding that substantive due process was not violated when rent leveling board member acted in biased manner, and disagreeing with Bello because “we seriously doubt that the Supreme Court will find a substantive due process violation to exist when a governmental body denies a property right by conduct that is ‘arbitrary or irrational’ under state law but neither shocking to the conscience of a court in the sense of being a departure from civilized norms of governance, nor offensive to human dignity”) (citation omitted), cert. denied, —— U.S. —, 117 S.Ct. 275, 136 L.Ed.2d 198 (1996).
Thus, while I would remand the plaintiffs’ First Amendment claim, both with respect to the defendants’ pre- and post-ordinance conduct, I would affirm the dismissal of the plaintiffs’ substantive due process claim.

. To be sure, as the majority notes, the substantive component of the Fourteenth Amendment's Due Process Clause incorporates specific guarantees set out in the Bill of Rights, including the right to freedom of speech and of the press protected by the First Amendment, and therefore in this sense every free speech claim challenging a state action is a substantive due process claim. But this aspect of the substantive component of due process is very different from the aspect of substantive due process on which Bello was based.

. Davidson explicitly disavows a substantive due process claim. See Brief for Petitioner in No. 84-6470, p.7 (“[P]etitioner frames his claim here purely in terms of procedural due process”). At oral argument, counsel for Daniels did suggest that he was pursuing a substantive due process claim. Tr. of Oral Arg. in No. 84— 5872, p. 22. However, the Court of Appeals viewed Daniels’ claim as a procedural due process argument, see Daniels v. Williams, 748 F.2d 229, 230, n. 1 (4th Cir.1984) ("There is no claim of any substantive due process violation”), and Daniels did not dispute this characterization in his petition for certiorari or in his brief on the merits....