

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-17-2005

# Maple Prop v. Upper Providence

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4604

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Maple Prop v. Upper Providence" (2005). *2005 Decisions.* Paper 393.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/393

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-4604
_____

MAPLE PROPERTIES, INC.,

Appellant

v.

TOWNSHIP OF UPPER PROVIDENCE;
BOARD OF SUPERVISORS OF
UPPER PROVIDENCE TOWNSHIP;
JOHN F. PEARSON; ROBERT N. MAUGER;
HOWARD P. HUBER

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 00-cv-04838)
District Judge:  Honorable Juan R. Sanchez

_____

Submitted Under Third Circuit LAR 34.1(a)
September 23, 2005

Before:  ROTH, McKEE and FISHER, *Circuit Judges*.

(Filed October 17, 2005)

_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Maple Properties, Inc. ("Maple"), appeals from the decision of the United States District Court for the Eastern District of Pennsylvania, granting summary judgment in favor of Upper Providence Township and municipal officials on the company's claims under 42 U.S.C. § 1983 of violations of procedural and substantive due process. Maple alleged that Township officials manipulated notice and open meeting requirements in order to deprive the company of a reasonable opportunity to challenge a municipal ordinance rezoning a parcel of property in which it held an equitable interest. As a result of the Township's action, Maple was prevented from going forward with an anticipated development of the parcel and eventually lost its interest in the property.

The District Court concluded that Pennsylvania law offers an adequate means to challenge the zoning decision and that the conduct of the Township did not "shock the conscience." We have jurisdiction pursuant to 28 U.S.C. § 1291. We will affirm.

I.

As we write for the parties, who are familiar with the circumstances underlying this case, we will set forth only those facts necessary for our analysis. In April 1998, Maple acquired an equitable interest in a parcel of property in Upper Providence Township through a conditional agreement of sale with the owner of record. The parcel was, at the time, zoned "neighborhood commercial," permitting a fairly wide range of commercial uses. Maple intended to build a retail store on the site, and, on or about

2

April 23, 1999, submitted development plans with the Township. The application was rejected on April 28, 1999, for noncompliance with certain procedural requirements.

During the same time, as Maple was preparing and filing its application to develop the property, the Township was preparing and considering a proposal that would prevent the planned development. Municipal officials had received informal notice of Maple's intentions in March 1999 and soon thereafter suggested that the Township adopt an ordinance reclassifying the property as "professional business office," precluding retail development. A similar proposal had been presented by the Township Planning Commission in 1997, based on traffic concerns related to the business then operating on the property. The proposal had been rejected by the Township Board of Supervisors after the owner agreed to execute a restrictive covenant limiting further expansion. The restrictions of the covenant, however, did not prohibit the development planned by Maple.

A renewed proposal to rezone the property to "professional business office" was approved by the Township Planning Commission in April 1999. The proposal was placed on the agenda of the next meeting of the Board of Supervisors, to be held on May 3, 1999, and an advertisement of the meeting was published in a local newspaper of general circulation on April 16 and 23, 1999. The advertisement quoted the proposed ordinance in its entirety and "invited [the public] to attend and express opinions concerning . . . enactment of this ordinance." It is unclear from the record whether notice of the meeting

3

and the proposed ordinance was posted on the subject property or provided to either Maple or the owner of record.[1]

The meeting went forward on May 3, 1999, and the Board of Supervisors approved the ordinance. The record does not disclose whether representatives of Maple attended the meeting.[2]

Maple challenged the validity of the ordinance before the Zoning Hearing Board, as permitted under the Pennsylvania Municipalities Planning Code ("MPC"), PA. STAT. ANN. tit. 53, §§ 10101-11202. The company alleged that the Township had failed to satisfy several requirements of the Code: to post notice of proposed rezoning "conspicuously" on the subject property, *see* MPC § 609(b), to advertise notice of the proposed rezoning in a newspaper of general circulation, *see* MPC § 610, and to file a

---

[1]*See* PA. STAT. ANN. tit. 53, § 10609 (requiring that notice of proposed rezoning ordinance be posted on the affected tract and delivered to owner of record before enactment). The Township asserts in its brief that "[t]he proposal to rezone was . . . posted [on the property] and the property owner . . . was given notice of the proposal to rezone prior to the rezoning." (Br. of Appellees at 6.) However, this statement is not backed by a citation to the record, and our independent review of the materials submitted on appeal do not demonstrate any evidentiary support for the assertion.

[2]Maple asserts in its brief that it "first learned of the Township's intent to rezone only after the fact." (Br. of Appellant at 5.) However, again, this statement is not supported by a citation to the record, and our independent review of the materials submitted on appeal does not reveal any document or testimony suggesting that Maple did or did not receive prior notice of the proposal or attend the meeting. If a company representative did attend the meeting, he or she did not raise an objection to the ordinance.

4

copy of the ordinance with the county planning agency within thirty days of enactment, *see* MPC § 609(c).[3] The Zoning Hearing Board rejected the challenge *in toto*.

Maple appealed to the court of common pleas. In March 2002, the court found that the Township had, in fact, failed to file a copy of the ordinance with the county within thirty days of enactment and that the ordinance was thus "invalid for lack of strict compliance with [section 609(c) of the MPC]." The court further stated that "the remaining issues raised by Maple . . . in this appeal lack merit." It denied the "balance of the [appeal]."

The victory for Maple was, however, Pyrrhic. The sale of agreement under which it held its equitable interest had expired and the owner of the parcel had sold the property to another developer. The company could no longer exploit the opportunity it had fought to preserve.

Maple sought compensation for its losses under 42 U.S.C. § 1983, in a complaint filed in the United States District Court for the Eastern District of Pennsylvania. It alleged that the Township had disregarded open meeting laws and other notice requirements, in violation of Maple's right to procedural due process, and that the Township's zoning decision was "totally irrational" and "applied . . . selectively to Maple," in violation of Maple's right to substantive due process. Maple also claimed that

---

[3]Maple also asserted that the ordinance constituted impermissible "spot zoning" and resulted from "improper motive."

5

the procedures for challenging the ordinance before the Zoning Hearing Board – which

the company had successfully employed – were inadequate to protect its rights because

they did not provide for the recovery of compensatory damages. Discovery followed, and

the Township filed a motion for summary judgment in July 2004.

The District Court granted the motion. It held, citing prior decisions of this Court,[4]

that the procedures available under Pennsylvania law to challenge zoning decisions

constituted constitutional "due process." It also found, based in part on evidence that

Township officials were concerned with excessive traffic near the property, that the

decision to rezone did not "shock the conscience" and did not infringe on Maple's right to

substantive due process. This timely appeal followed.

## II.

The Due Process Clause of the Fourteenth Amendment provides that "[n]o state

shall . . . deprive any person of . . . property, without due process of law."[5] U.S. CONST.

amend. XIV, § 1. This language offers both procedural and substantive protections. *See*

*Nicholas v. Pa. State Univ.*, 227 F.3d 133, 139 (3d Cir. 2000). In the former sense, it

ensures that individuals will be afforded an adequate opportunity to challenge

---

[4]*Midnight Sessions, Ltd. v. City of Philadelphia*, 945 F.2d 667 (3d Cir. 1991); *Rogin v. Bensalem Township*, 616 F.2d 680 (3d Cir. 1980).

[5]We assume without deciding that the equitable interest held by Maple constitutes an interest in "property" warranting procedural and substantive due process protection and that Maple was deprived of this interest by enactment of the rezoning ordinance. *See Indep. Enters. Inc. v. Pittsburgh Water & Sewer Auth.*, 103 F.3d 1165, 1179 (3d Cir. 1997).

6

deprivations of property by state officials. *See, e.g.*, *Midnight Sessions, Ltd. v. City of Philadelphia*, 945 F.2d 667, 680 (3d Cir. 1991). In the latter sense, it guarantees that certain infringements on property interests, those that are so egregious as to "shock the conscience," will not be permitted under any circumstances, regardless of the procedural protections accorded by the state. *See United Artists Theatre Circuit, Inc. v. Township of Warrington*, 316 F.3d 392, 401-02 (3d Cir. 2003); *see also Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 399 (3d Cir. 2000).

We exercise plenary review of the order of the District Court granting summary judgment in favor of the Township on the claims of procedural and substantive due process violations. *See Gallo v. City of Philadelphia*, 161 F.3d 217, 221 (3d Cir. 1998). Summary judgment is appropriate if a review of the record, in a light most favorable to the non-moving party, demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Coolspring Stone Supply, Inc. v. Am. States Life Ins. Co.*, 10 F.3d 144, 146 (3d Cir. 1993).

## A.

State and municipal officials are constitutionally obliged to offer a means by which individuals may challenge zoning restrictions and other adverse land use decisions. *See DeBlasio v. Zoning Bd. of Adjustment*, 53 F.3d 592, 596-97 (3d Cir. 1995); *Rogin v. Bensalem Township*, 616 F.2d 680, 694-95 (3d Cir. 1980). The process that is "due" in a

7

given situation necessarily differs based on the particular circumstances. *Id.*; *see also Rogal v. Am. Broad. Cos., Inc.*, 74 F.3d 40, 44-45 (3d Cir. 1996). For example, a determination of "just compensation" for the condemnation of property must generally be preceded by notice and an opportunity for a hearing, *see Walker v. City of Hutchinson*, 352 U.S. 112, 115-16 (1956), while a local agency may deny a license application without a hearing so long as prompt administrative or judicial review of the action is available thereafter, *see Rogin*, 616 F.2d at 695; *see also Cohen v. City of Philadelphia*, 736 F.2d 81, 86 (3d Cir. 1984).

We need not determine in this case what minimum level of process is constitutionally required because, even under the highest standard, Maple has offered insufficient evidence to establish a violation of the Fourteenth Amendment. The ordinance of which Maple complains was not enacted in secret. It was submitted for review at a public meeting of the Township Planning Commission two months before enactment. Notice of the proposed ordinance and the meeting at which it would be considered was advertised twice in newspapers of general circulation in the month preceding the meeting. The meeting itself was open to the public, with an opportunity for those who opposed the proposal to be heard.[6]

---

[6]The Township does not argue, and we do not address, whether enactment of the ordinance constituted a "legislative" act, for which public notice alone would arguably satisfy the dictates of due process. *See Rogin*, 616 F.2d at 693-94; *see also Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 432-33 (1982); *Coniston Corp. v. Village of Hoffman Estates*, 844 F.2d 461, 468-69 (7th Cir. 1988); *cf. Acierno v. Cloutier*, 40 F.3d

8

More importantly, there is no competent evidence in the record demonstrating that Maple did not receive actual notice of the proposed ordinance or enjoy an opportunity to attend the meeting at which it was considered.[7]  None of the depositions of witnesses and parties, none of the documents from the administrative proceedings, and none of the decisions of the state and federal courts submitted in this case indicate that Maple was unaware of the meeting or that notice was not provided to the company.  To the contrary, the court of common pleas, in addressing Maple's zoning appeal, expressly rejected as without merit the claim that the Township had failed to post a copy of the ordinance at the property and had failed to provide adequate notice of the proposed enactment.  The record does not support a finding that Maple was not accorded due process prior to the alleged deprivation.

Moreover, Maple enjoyed additional opportunities to challenge the ordinance after enactment.  The Pennsylvania Municipalities Code allows those aggrieved by a land use decision to challenge the action in administrative and judicial proceedings.  *See* PA. STAT. ANN. tit. 53, §§ 10909.1, 11002-A.  This Court has previously recognized these procedures as a constitutionally adequate means to protect interests in property.  *Midnight*

---

597, 610-15 (3d Cir. 1994) (considering whether enactment of zoning ordinance is "to be regarded as legislative for immunity purposes").

[7]*See, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) ("Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

9

*Sessions*, 945 F.2d at 680; *Rogin*, 616 F.2d at 694-95.  These procedures were available to Maple; indeed, they were successfully employed by the company to challenge the ordinance at issue in this case.

That the zoning appeal process does not permit the recovery of compensatory damages is immaterial for purposes of assessing compliance with the Due Process Clause. The "deprivation" that these procedures are intended to address is the diminution of an interest in real estate by virtue of a change in zoning.  *See id.*  They do not and need not also provide redress for consequential losses suffered by the individual as a result of the government actions at issue.  *See Parratt v. Taylor*, 451 U.S. 527, 537 (1981).  These losses, assuming that they implicate due process protection, may be addressed through subsequent proceedings, following conclusion of the zoning appeal.[8]  *See id.*  Maple has offered no evidence that it has sought or been denied recourse to state courts to pursue these claims.  Thus, Maple has not established a due process violation.[9]

---

[8]It may be noted that the Pennsylvania Eminent Domain Code allows landowners to seek compensation for a regulatory "taking" of property.  *See Conroy-Prugh Glass Co. v. Dep't of Transp.*, 321 A.2d 598, 600-01 (Pa. 1974) (citing PA. STAT. ANN. tit. 26, § 1-502(e)).  We, of course, express no opinion on the applicability of these provisions to the case at hand but merely offer them as an example of the post-deprivation procedures available under Pennsylvania law.

[9] *See Zinermon v. Burch*, 494 U.S. 113, 126 (1990) ("The constitutional violation . . . is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process."); *see also DeBlasio*, 53 F.3d at 597 ("[W]hen a state 'affords a full judicial mechanism with which to challenge the administrative decision' in question, the state provides adequate procedural due process, whether or not the plaintiff avails him or herself of the provided appeal mechanism.") (internal citations omitted) (quoting *Bello v. Walker*, 840 F.2d 1124, 1128 (3d Cir. 1988)).

10

Nor is it relevant if the Township did not, as Maple alleges, follow Pennsylvania law in proposing and enacting the ordinance. "A violation of state law is not a denial of due process of law." *Coniston Corp. v. Village of Hoffman Estates*, 844 F.2d 461, 468-69 (7th Cir. 1988); *see also Creative Env'ts, Inc. v. Estabrook*, 680 F.2d 822, 833 (1st Cir. 1982), *cited in United Artists*, 316 F.3d at 402. That the Township's actions may have been illegal under Pennsylvania law does not mean that they were unconstitutional under the Due Process Clause.

B.

Some land use decisions are so egregious that no amount of "process" can suffice to honor and restore an individual's constitutional property rights. *See, e.g.*, *United Artists*, 316 F.3d at 401-02; *Boyanowski*, 215 F.3d at 399. These situations are often typified by corruption, self-dealing, or a concomitant infringement on other fundamental individual liberties, resulting in harms that cannot be adequately rectified by pre- or post-deprivation proceedings. *See Eichenlaub v. Township of Indiana*, 385 F.3d 274, 285-86 (3d Cir. 2004) (citing *Conroe Creosoting Co. v. Montgomery County*, 249 F.3d 337 (5th Cir. 2001); *Assocs. in Obstetrics & Gynecology v. Upper Merion Township*, 270 F. Supp. 2d 633 (E.D. Pa. 2003)). Official actions that fall within this category "shock the judicial conscience" and are deemed to violate the substantive protections of the Due Process Clause. *Id.* (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998)); *see also United Artists*, 316 F.3d at 402.

11

The Township's enactment of the zoning ordinance does not rise to this level. There is no evidence that individual members of the Township Board of Supervisors enjoyed financial gain from the ordinance or that the rezoning decision otherwise redounded to their personal advantage. Nor is there any suggestion that Maple suffered an infringement of a fundamental liberty as a result of the Township's action.

To the contrary, this case involves a fairly run-of-the-mill zoning dispute. Maple asserts that the ordinance was irrational in light of land use goals, was passed "in the dark" and without a "deliberative process," and was targeted selectively at Maple to preclude the company from making beneficial use of its property. Even if true, these allegations do not "shock the conscience." We have previously recognized that the politics and animosities that often animate local decision-making are not matters of constitutional concern. *See id.* The conduct of officials in this case may have been "unfair" or "improper" from Maple's perspective, but there is no evidence of the patently egregious behavior recognized in prior cases to constitute a substantive due process claim. *See, e.g., Conroe*, 249 F.3d at 341-42 (finding potential violation when official summarily authorized "complete dispersal" of company's assets without legal authority).

We addressed a similar, and seemingly more offensive, zoning dispute in *Eichenlaub v. Township of Indiana*, 385 F.3d 274 (3d Cir. 2004). The landowners in *Eichenlaub* alleged that the municipality had selectively imposed improper tax assessments and "maligned and muzzled" them when they raised objections. *See id.* at

12

286. We found that these "complaints are examples of the kind of disagreement that is frequent in planning disputes" and, absent "allegation of corruption or self-dealing," did not "shock the conscience." *See id.* The same situation is presented in this case, and the same result must adhere.

## III.

The evidence of record is insufficient to support a finding of either a procedural or substantive violation of the Due Process Clause. Summary judgment was properly granted in favor of the Township.

Accordingly, we will affirm the judgment of the District Court.