840 F.2d 1124
 56 USLW 2498
 Dino BELLO, an individual and Simmons Park Properties, Inc.,
a corporation,
v.
Norman L. WALKER, John E. Kanon, James M. Martin, Joseph J.
Urbanowicz, Harry E. Babinger, James E. Hadsell, Yvonne A.
Rigatti, Glenn Trautmen, William W. Ruhl, William G. Dodds,
Patricia M. Price, Concetta Serdy, and Reid W. McGibbeny,
individuals.
Appeal of Dino BELLO and Simmons Park Properties, Inc.,
Appellants No. 87-3504.
Dino BELLO, an individual and Simmons Park Properties, Inc.,
a corporation,
v.
MUNICIPALITY OF BETHEL PARK.
Appeal of Dino BELLO and Simmons Park Properties, Inc.,
Appellants No. 87-3505.
 Nos. 87-3504, 87-3505.
 United States Court of Appeals,
Third Circuit.
 Argued Dec. 15, 1987.
Decided March 1, 1988.
 
 Richard L. Rosenzweig (argued), Rosenzweig & Burton, Pittsburgh, Pa., for appellants.
 Marvin A. Fein (argued), Baskin Flaherty Elliot & Mannino, Pittsburgh, Pa., for appellees.
 Before SLOVITER and COWEN, Circuit Judges, and DEBEVOISE, District Judge*.
 OPINION OF THE COURT
 COWEN, Circuit Judge.
 
 
 1
 These cases arise from a municipality's delay in issuing a building permit. They require us to decide whether a person's constitutional right to due process can be violated when municipal officials process an application for a building permit pursuant to a constitutionally adequate procedure, but deliberately and arbitrarily abuse government power to deny the application. We hold that such acts can violate a person's right to substantive due process. One of the cases also presents the issue whether a lengthy delay in obtaining a building permit can result in an unconstitutional taking of property without just compensation. We hold that absent extraordinary circumstances not presented by this case, delays in issuing a building permit do not result in a "taking" of property such that just compensation is constitutionally mandated.[1] We will reverse the district court's grant of summary judgment in favor of defendants as to plaintiffs' due process claims, but will affirm the grant of summary judgment as to the remainder of plaintiffs' claims.
 
 I.
 
 2
 Plaintiff Dino Bello is the principal stockholder of Simmons Park Properties, Inc. ("Simmons Park"), also a plaintiff in this case. In July of 1976, Bello and Simmons Park applied to the municipality of Bethel Park for review and approval of a subdivision plan. The site plan they submitted indicated that the plan had five phases, numbered I through V, each separated by a boundary line.
 
 
 3
 The plan was eventually approved, and the plaintiffs had no difficulty obtaining building permits for phase I of the project. Forty-seven housing units, comprising phase I, were completed in the spring of 1979. In May of 1979 the plaintiffs applied for building permits allowing them to commence construction of the housing units comprising phase V of the project. Norman Walker, Bethel Park's Code Enforcement Officer, denied the plaintiffs' application, ostensibly because the plaintiffs sought to construct phase V of the project before completing phases II-IV. The plaintiffs, however, had never agreed to develop the project in the order suggested by the phases.
 
 
 4
 On June 8, 1979, Bello and Simmons Park instituted an action in mandamus in the Court of Common Pleas of Allegheny County seeking issuance of the permits and damages, and a peremptory judgment. The case was referred to a referee, who filed a tentative decision denying the motion for a peremptory judgment. On March 26, 1980, the court of common pleas granted peremptory judgment. On January 23, 1981, the court vacated its previous order and adopted the referee's decision. The court then held a hearing on the matter and on May 5, 1981, ordered the municipality to issue the building permits. An appeal from that order was quashed for failure to preserve objections.
 
 
 5
 On September 3, 1980, the plaintiffs filed a complaint under 42 U.S.C. Sec. 1983 in the United States District Court for the Western District of Pennsylvania against the individual defendants,[2] and on March 11, 1981, a separate complaint against the Municipality of Bethel Park. Plaintiffs alleged, essentially, that a number of municipal officials improperly influenced the decision to deny them building permits. These actions allegedly deprived them of their constitutional rights to due process and equal protection, and violated federal antitrust laws. An amended complaint filed against the individual defendants also alleged that these actions constituted an unconstitutional taking of property without just compensation.
 
 
 6
 The defendants moved for summary judgment on October 9, 1984, and the motion was referred to a magistrate for a report and recommendation. In support of their motion defendants presented, among other evidence, the affidavit of defendant Walker. Walker stated that he individually made the decision to deny the building permits on the basis that the plaintiffs sought to develop phase V before phases II-IV, and that no other defendant or town official influenced his decision making process.
 
 
 7
 In opposition to the motion, the plaintiffs presented evidence indicating that certain members of the town council were strongly opposed to multi-unit housing, including their project, and that two members of the council had personal animosity towards one of the plaintiffs' employees, Raymond Kirich. In particular, plaintiffs point to the alleged acts and statements of defendants Yvonne Rigatti, whom Kirich had opposed in a municipal election, and Joseph Urbanowicz. According to the affidavits of Kirich and Bello, various defendant members of the council admitted in conversations that Rigatti and Urbanowicz had pressured them to hinder plaintiffs' development as long as Simmons Park employed Kirich. Bello's affidavit states that he discussed the matter of the permits with members of the council who told him that they spoke to defendant Walker regarding the issuance of the building permits.
 
 
 8
 The magistrate filed her report and recommendation on April 28, 1987, and recommended that the district court grant defendants' motion for summary judgment. After the plaintiffs filed objections to the report and recommendation, and the defendants responded to those objections, the district court granted the defendants' motion by order dated June 4, 1987.
 
 
 9
 The plaintiffs subsequently filed a motion to vacate the district court's order. They argued that in light of the Supreme Court's then recent decision in First English Evangelical Lutheran Church of Glendale v. County of Los Angeles, California, --- U.S. ----, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987), the district court improperly dismissed their claim that their property was taken without just compensation. The plaintiffs' motion to vacate was denied by order dated July 22, 1987. The plaintiffs have filed a notice of appeal which specifies that they appeal from the district court's order of June 4, 1987.
 
 II.
 
 10
 Our review of a district court's grant of summary judgment is plenary. Equimark Commercial Fin. Co. v. C.I.T. Fin. Servs. Corp., 812 F.2d 141, 142 (3d Cir.1987).
 
 III.
 
 11
 The first issue presented by this case is whether the district court properly dismissed plaintiffs' constitutional due process claims by way of summary judgment. Plaintiffs assert that the defendants' actions violated their fourteenth amendment right to both procedural and substantive due process. We will consider each of these contentions separately.
 
 A.
 
 12
 Plaintiffs argue that Bethel Park's delay in issuing them a building permit was a denial of property without predeprivation due process. See Stana v. School Dist. of Pittsburgh, 775 F.2d 122, 127-29 (3d Cir.1985). However, the determination whether to issue a building permit is an administrative decision, and it was the plaintiffs' decision to invoke that governmental mechanism by applying for the permit. This case does not involve a pre-deprivation denial of property, but rather a decision to deny a building permit. Nevertheless, the procedure at issue must comport with constitutional due process.
 
 
 13
 The issue presented by this case is similar to that presented in Rogin v. Bensalem Twp., 616 F.2d 680 (3d Cir.1980), cert. denied, 450 U.S. 1029, 101 S.Ct. 1737, 68 L.Ed.2d 223 (1981). In Rogin, the plaintiff argued that a Pennsylvania municipality's administrative land use decision violated his right to procedural due process. We held that the plaintiff had failed to set forth a procedural due process claim where he "set forth [no] behavioral or structural allegations from which we can infer that [the] process was unconstitutional." Id. at 694. We noted that Pennsylvania's procedures for challenging zoning ordinances substantially conformed with the due process guidelines enunciated by the Supreme Court. Id. at 695.
 
 
 14
 Here, as in Rogin, Pennsylvania affords a full judicial mechanism with which to challenge the administrative decision to deny an application for a building permit. Indeed, the plaintiffs utilized that mechanism and obtained a building permit. While the Pennsylvania courts have ruled that the initial decision to deny the permit was wrong, the plaintiffs have not and cannot show that the decision was made pursuant to a constitutionally defective procedure.
 
 
 15
 It is the law in this Circuit that a state provides adequate due process when it provides " 'reasonable remedies to rectify a legal error by a local administrative body.' " Cohen v. City of Philadelphia, 736 F.2d 81, 86 (3d Cir.), cert. denied, 469 U.S. 1019, 105 S.Ct. 434, 83 L.Ed.2d 360 (1984) (quoting Creative Environments, Inc. v. Estabrook, 680 F.2d 822, 832 n. 9 (1st Cir.), cert. denied, 459 U.S. 989, 103 S.Ct. 345, 74 L.Ed.2d 385 (1982)). Pennsylvania clearly provides such remedies, as this case exemplifies,[3] and therefore plaintiffs' have no justifiable due process claim.
 
 B.
 
 16
 The plaintiffs' substantive due process claim has greater merit. Recent decisions of the Supreme Court and this Circuit have diminished the scope of the right to substantive due process. See Rogin, 616 F.2d at 689. Nevertheless, actions alleging violations of the right to substantive due process remain viable in certain circumstances, and we feel that such allegations are present in this case. We will reverse the district court's grant of summary judgment on this claim.
 
 
 17
 The Supreme Court has discussed the scope of the substantive due process right in a number of recent cases. In Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), the Court, in holding that the due process clause was not implicated by a state's negligent deprivation of life, liberty or property, pointed out that the guarantee of due process has historically been applied to deliberate decisions of government officials. Id. at 331, 106 S.Ct. at 665. The Court noted that the clause was " ' "intended to secure the individual from the arbitrary exercise of the powers of government," ' " id. (quoting Hurtado v. California, 110 U.S. 516, 527, 4 S.Ct. 111, 116, 28 L.Ed. 232 (1884) (quoting Bank of Columbia v. Okely, 4 Wheat. (17 U.S.) 235, 244, 4 L.Ed. 559 (1819))), and distinguished the Daniels case from cases involving an abuse of power.
 
 
 18
 In the related case of Davidson v. Cannon, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986), the Court held that mere negligence on the part of a state does not amount to an abuse of state power such that constitutional due process is implicated. Justice Blackmun, dissenting, noted that he agreed with the majority's conclusion that a "deprivation must contain some element of abuse of governmental power, for the 'touchstone of due process is protection of the individual against arbitrary action of the government.' " Id. at 353, 106 S.Ct. at 673 (quoting Wolff v. McDonnell, 418 U.S. 539, 558, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974)). See also Arlington Heights v. Metropolitan Housing Dev. Corp., 429 U.S. 252, 263, 97 S.Ct. 555, 562, 50 L.Ed.2d 450 (1977) (constitutional due process right to be free of arbitrary or irrational zoning action); Pace Resources, Inc. v. Shrewsbury Twp., 808 F.2d 1023, 1034-35 (3d Cir.), cert. denied, --- U.S. ----, 107 S.Ct. 2482, 96 L.Ed.2d 375 (1987) (to demonstrate violation of right to substantive due process, plaintiff must show that land use regulation was arbitrary or irrational). These cases reveal that the deliberate and arbitrary abuse of government power violates an individual's right to substantive due process.
 
 
 19
 This analysis is consistent with the Fourth Circuit's decision in Scott v. Greenville County, 716 F.2d 1409 (4th Cir.1983). In Scott, the plaintiff claimed that a town council improperly intervened in the municipality's decision whether to issue him a building permit. The Fourth Circuit held that because Scott was entitled to the building permit under South Carolina law, and had presented evidence that the council's interference was motivated by a lack of impartiality towards him, he had stated a claim that the municipality's action violated his right to substantive due process. Id. at 1417-21.
 
 
 20
 In this case, the district court distinguished Scott, and read our decisions in Rogin and Cohen as approving the approach adopted by the First Circuit in Chiplin Enterprises v. City of Lebanon, 712 F.2d 1524 (1st Cir.1983). In Chiplin, which also involved the denial of a building permit, the First Circuit held that "[t]he claim that denial of a permit was improperly motivated, unsupported by an allegation of the deprivation of a specific constitutional right, simply raises a matter of local concern, properly and fully reviewable in the state courts." Id. at 1527. The court stated that a "mere bad faith refusal to follow state law in such local administrative matters simply does not amount to a deprivation of due process where the state courts are available to correct the error." Id. at 1528.
 
 
 21
 Since Rogin and Cohen, we have addressed these issues in Pace Resources Inc. v. Shrewsbury Twp., 808 F.2d 1023 (3d Cir.), cert. denied, --- U.S. ----, 107 S.Ct. 2482, 96 L.Ed.2d 375 (1987). In that case we were faced with a claim that a municipality's zoning regulation violated the plaintiff's right to substantive due process. We held that in such cases the plaintiff bears the burden of demonstrating that the regulation is arbitrary or irrational. Id. at 1035. We found it significant that the municipality could have had rational reasons for the regulation, and concluded:
 
 
 22
 Because it appears that on the face of the amended complaint that the Township decisionmakers could have had rational reasons for the decisions contested here and because that complaint alleges no facts suggesting arbitrariness, it fails to state a substantive due process claim upon which relief can be granted.
 
 
 23
 Id. at 1036. We noted, however, that the plaintiff in Pace did "not present a case involving actions aimed at this developer for reasons unrelated to land use planning." Id. at 1035.
 
 
 24
 We need not define, at this juncture, the outer limits of the showing necessary to demonstrate that a governmental action was arbitrary, irrational, or tainted by improper motive. The plaintiffs in this case presented evidence from which a fact finder could reasonably conclude that certain council members, acting in their capacity as officers of the municipality improperly interfered with the process by which the municipality issued building permits, and that they did so for partisan political or personal reasons unrelated to the merits of the application for the permits.[4] These actions can have no relationship to any legitimate governmental objective, and if proven, are sufficient to establish a substantive due process violation actionable under section 1983. While the defendants claim that the building permit was denied because of plaintiffs' failure to build in numerical sequence, thus presenting an arguably rational ground for the denial of the permit, it is the factfinders' role to resolve this factual dispute. We will reverse the district court's grant of summary judgment on this claim.
 
 IV.
 
 25
 We must also address whether the district court properly dismissed the plaintiffs' claim that the delay in issuing the building permit constituted an unconstitutional taking of property without just compensation.
 
 A.
 
 26
 As a preliminary matter, we must determine whether this issue is properly before us for review. Defendants argue that because the complaint filed against Bethel Park did not assert the claim that their property was unconstitutionally taken without just compensation, the plaintiffs can not raise this issue on appeal against the municipality. The defendants also assert that plaintiffs' counsel waived this issue against the individual defendants when he stated in a brief to the district court:
 
 
 27
 Plaintiffs have not asserted a claim under the Just Compensation clause and do not assert that their property was taken from them by inverse condemnation.... There are no elements of a taking which would justify an eminent domain proceeding. No government entity took possession of the land. Neither in this case could Plaintiffs argue that there was any restrictive zoning laws or development regulations.
 
 
 28
 App. at 360-61.
 
 
 29
 Finally, defendants argue that plaintiffs waived this argument by filing a defective notice of appeal. They point out that this argument was only presented to the district court in the context of the plaintiffs' motion to vacate the district court's order of June 4, 1987, and that since the notice of appeal filed by the plaintiff refers only to that order, the plaintiffs have not appealed the district court's order of July 22, 1987, denying their motion to vacate.
 
 
 30
 The plaintiffs concede in their brief to this Court that they did not plead this claim against the defendant municipality of Bethel Park, and we will thus not consider the claim against that defendant. The plaintiffs, however, insist that their unconstitutional taking claim against the individual defendants is properly before us. We agree.
 
 
 31
 Plaintiffs raised this issue in their complaint against the individual defendants, and the district judge considered the merits of this claim in the context of the plaintiffs' motion to vacate the district court's order granting summary judgment. Although the plaintiffs, in a brief to the district court stated that they had not raised such a claim, they now admit that "in drafting such brief [we] erroneously overlooked the Amended Complaint ... which does plead such a claim." Appellants' Brief at 18. It is also significant that the brief at issue was filed prior to the Supreme Court's decision in First English Evangelical Lutheran Church of Glendale v. County of Los Angeles, California, --- U.S. ----, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987), which expanded the ability of property owners to assert claims that their fifth amendment right to not have property taken without just compensation has been violated. We conclude that the plaintiffs did not waive this claim against the individual defendants.
 
 
 32
 We also find that the plaintiffs' notice of appeal was not defective. There is a "policy of liberal construction of notices of appeal ... in situations where the intent to appeal an unmentioned or mislabeled ruling is apparent and there is no prejudice to the adverse party." Gooding v. Warner-Lambert Co., 744 F.2d 354, 357 n. 4 (3d Cir.1984) (quoting parenthetically C.A. May Marine Supply Co. v. Brunswick Corp., 649 F.2d 1049, 1056 (5th Cir.), cert. denied, 454 U.S. 1125, 102 S.Ct. 974, 71 L.Ed.2d 112 (1981)). In addition, an appeal of a grant of summary judgment invokes this Court's jurisdiction over the disposition of all claims in a complaint. Murray v. Commercial Union Ins. Co. (Commercial), 782 F.2d 432, 434-35 (3d Cir.1986). We thus conclude that the district judge's orders of June 4, 1987 and July 22, 1987 are both properly before us.
 
 B.
 
 33
 Turning to the merits of the plaintiffs' unconstitutional taking claim, it is clear that the plaintiffs have not and cannot make out a claim that their property was "taken" without just compensation. Although the Supreme Court in First Evangelical Lutheran Church of Glendale v. County of Los Angeles, California, --- U.S. ----, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987), extended this doctrine to encompass actions seeking damages for a temporary taking, the Court held that a temporary taking is not different in kind from a permanent taking when the temporary taking denies a landowner all use of his property. Id. 107 S.Ct. at 2388. The Court noted that it was not addressing the "quite different questions that would arise in the case of normal delays in obtaining building permits, changes in zoning ordinances, variances, and the like...." Id. at 2389.
 
 
 34
 As the plaintiffs here were merely denied a particular building permit, and retained the right to put their land to a variety of alternative uses, the actions of the defendants can not be said to have denied them all use of their property. Indeed, they have made no such allegation. We will affirm the district court's orders granting the defendants summary judgment on this claim, and denying the plaintiffs' motion to vacate the court's order of summary judgment.
 
 V.
 
 35
 We will reverse the district court's order granting the defendants summary judgment on plaintiffs' claim that they were denied their constitutional right to substantive due process, and will affirm the district court's dismissal of the remainder of the plaintiffs' claims. Each party to bear its own costs.
 
 
 
 *
 The Honorable Dickinson R. Debevoise, United States District Judge for the District of New Jersey, sitting by designation
 
 
 [1]
 The plaintiffs also claimed that the defendants' actions violated their constitutional right to equal protection and federal antitrust laws. We find these contentions to be without merit and do not address them in this opinion
 
 
 [2]
 The individual defendants, and their official Municipality of Bethel Park positions during the relevant time period are: Norman L. Walker, Code Enforcement Officer; James M. Martin, Municipal Manager; John E. Kanon, Director of Planning; Joseph J. Urbanowicz, Harry E. Babinger, James E. Hadsell, Yvonne A. Rigatti, Glenn Trautmen, William G. Dodds, William W. Ruhl, Concetta Serdy, Reid W. McGibbeny, and Patricia M. Price, members of the Municipal Council
 
 
 [3]
 The plaintiffs' claim, to the extent it argues that delays in Pennsylvania's judicial process denied them procedural due process, points to alleged procedural defects which cannot be attributed to these defendants. Moreover, state judicial delay in a civil case must be more egregious than the delay in this case to constitute a denial of procedural due process
 
 
 [4]
 The defendants also argue that the plaintiffs cannot make out a section 1983 claim against the municipality because they allege merely a single act--the withholding of a building permit--and thus cannot establish that the defendants acted pursuant to a municipal policy. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985). However, the Supreme Court's position in Tuttle was clarified by Pembaur v. City of Cincinnati, 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). Pembaur noted that a single decision can constitute a "policy" where "a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." Id. at 483-84, 106 S.Ct. at 1300. As plaintiffs allege that such a deliberate choice occurred in this case, we reject the defendants' municipal policy argument