KEYSTONE OUTDOOR ADVER-
TISING COMPANY, INC.,
Appellant,

v.

WEST WHITELAND TOWNSHIP; Jerry Poletto, in his official and individual capacities; Diane S. Snyder, in her official and individual capacities, and George D'Ambrosio, in his official and individual capacities.

No. 02–3269.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR
34.1(a) March 10, 2003.

Decided March 11, 2003.

Before SLOVITER, NYGAARD, and ALARCÓN,* Circuit Judges.

*OPINION OF THE COURT*

SLOVITER, Circuit Judge.

I.

Appellant Keystone Outdoor Advertising Company, Inc. appeals to this court alleg-

* Hon. Arthur L. Alarcón, Senior Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

ing that the District Court erred when it granted summary judgment to Appellees West Whiteland Township ("Township") and Jerry Poletto, Diane Snyder, and George D'Ambrosio, Township supervisors, in their official capacities. Because we conclude that the District Court did not err in granting summary judgment to Appellees, we will affirm.

## II.

Inasmuch as the parties are familiar with the factual and procedural background of this case, we refer only to those facts as are pertinent to the issue under consideration.

In 1997, Keystone, an outdoor advertising company, leased a tract of land on which it planned to erect a free-standing billboard. However, the sign was in violation of the Township's zoning ordinance that prohibited billboards that were not accessory to on-site users and it also exceeded the size limitations of a Township zoning ordinance. Keystone applied for a variance to allow it to erect the sign despite the ordinance and, alternatively, it argued that the ordinance prohibiting non-accessory billboards was unconstitutional. Lengthy hearings as to Keystone's application ensued but prior to a final resolution by the Zoning Board, the Township's supervisors adopted a resolution to condemn the property for use as a public park.

Pursuant to Pennsylvania's Eminent Domain Code, 26 P.S. § 1–406 (2002), Keystone filed preliminary objections to the Township's declaration of the taking in the Court of Common Pleas of Chester County. That court overruled Keystone's objections, finding that the condemnation was a legitimate exercise of the sovereign power of eminent domain. Keystone appealed to the Commonwealth Court of Pennsylvania and that court affirmed after the parties submitted their briefs in this

court. *In re: Condemnation of Lands of Laughlin,* 814 A.2d 872 (2003).

While the state proceedings were pending, Keystone filed an action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Eastern District of Pennsylvania alleging that the Township violated its constitutional rights because the condemnation was not for a public purpose and was implemented arbitrarily and in bad faith.

The District Court granted summary judgment to the Township. This appeal followed.

## III.

We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291. The standard of review applicable to an order granting summary judgment is plenary. *See Witkowski v. Welch,* 173 F.3d 192, 198 (3d Cir.1999).

Viewing the evidence in the light most favorable to Keystone, the District Court nonetheless found that the property in question was condemned for a legitimate public purpose, i.e., that of building a park. *Keystone Outdoor Advertising Co. v. West Whiteland Twp.,* 2002 U.S. Dist. LEXIS 14114, at*5 (2002). It noted that after condemning the property, the Township proceeded with its plans to plant trees and install park benches. *Id.* Furthermore, the District Court found no evidence that the Township's supervisors had improper motives in condemning the property. *Id.*

On appeal, Keystone argues that summary judgment was improper due to the existence of a disputed fact, namely whether the Township abused its power by condemning the property in violation of Keystone's substantive due process rights. To support its argument, Keystone relies on our decision in *Bello v. Walker,* 840 F.2d 1124 (3d Cir.1988), where we held that a

plaintiff alleging that a municipal land-use decision violated substantive due process need only show that the municipal officials acted with an "improper motive."

Keystone contends that it presented evidence that the Township condemned the property to protect an unconstitutional ordinance. This, it claims, is an improper motive which, if accepted by the jury, would support its substantive due process claim. Keystone further argues that the District Court should have imposed on it a "preponderance of evidence" rather than a "clear and convincing" burden of proof. Appellant's Br. at 18.

We note as a preliminary matter that the standard enunciated under *Bello* is no longer good law. A majority of a panel of this court recently held that the standard to be applied in a substantive due process claim arising from a land use decision is no longer that of "improper motive" but instead whether the government's actions "shock the conscience." *UA Theatre Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392 (3d Cir.2003) (noting that *Bello* and its progeny are no longer good law in light of the Supreme Court's decision in *Sacramento v. Lewis*, 523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998)).

In this case, the parties are in agreement as to the material facts notwithstanding Keystone's contention to the contrary. Instead, Keystone draws a different legal conclusion than does the Township and did the District Court. Specifically, Keystone argues that the facts show that the Township had "improper motives" when condemning the property and that a jury must make such a determination.

We agree with the District Court that there is "no hint of private gain or any other suspect motivation" on the part of the Township. 2002 U.S. Dist. LEXIS 14114, at *5 (2002). Accordingly, Keystone fails to meet even the less stringent standard of showing "improper motives" on the part of the Township, let alone demonstrating actions that would "shock the conscience."

### IV.

The District Court properly granted summary judgment to the Township. For the reasons set forth, we will affirm.