NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2274
_____

JOSEPH SCHIMES,

Appellant

v.

THOMS BARRETT, individually and in his official capacity as
PRESIDENT OF THE CITY OF SCRANTON NON UNIFORM PENSION BOARD;
CHRISTOPHER DOHERTY, individually and in his official capacity as
MAYOR OF THE CITY OF SCRANTON;
GARY DIBILEO, individually and in his official capacity as
PRESIDENT OF SCRANTON CITY COUNCIL;
JUDY GATELLI, individually and in her official capacity as
PRESIDENT OF THE SCRANTON CITY COUNCIL;
ROSEANN NOVEMBRINO, individually and in her official capacity as
SCRANTON CITY CONTROLLER; OFFICER JAY SAUNDERS; LEN KRESEFSKI;
JERRY PHILLIPS; KATHLEEN RUANE; SHERRY FANUCCI;
CITY OF SCRANTON NON UNIFORM PENSION BOARD; CITY OF SCRANTON;
MICHAEL T. SAVITSKY, individually and in his official capacity as
SOLICITOR FOR THE CITY OF SCRANTON NON UNIFORM PENSION BOARD;
MARGOLIS EDELSTEIN
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-07-cv-00872)
District Judge:  Honorable James M. Munley
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 11, 2011

Before:  FISHER, JORDAN and COWEN, *Circuit Judges*.

_____

OPINION OF THE COURT

_____

FISHER, *Circuit Judge*.

Joseph Schimes appeals the final order of the United States District Court for the Middle District of Pennsylvania granting summary judgment in favor of Thomas Barrett, Chris Doherty, Gary DiBileo, Judy Gatelli, Roseann Novembrino, Jay Saunders, Len Kresefski, Jerry Phillips, Kathleen Ruane, Sherry Fanucci, the City of Scranton Non-Uniform Pension Board (the "Pension Board"), City of Scranton ("Scranton"), Michael Savitsky, and Margolis Edelstein (collectively, the "City Appellees"). For the reasons discussed below, we will affirm.

I.

We write for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Joseph Schimes was an employee of Scranton, and a member of the non-uniform clerical workers' union for twenty-two years. In the last week of 2002, with the collective bargaining agreement between the union and Scranton set to expire, Scranton made a one-time buyout offer of retirement with healthcare benefits. It provided:

> A onetime offer is hereby approved to members of the non-uniform pension plan provided that the member was an active employee of the City of Scranton up to December 31, 2002, had worked for the City of Scranton for twenty-five (25) years or more as of December 31, 2002, is less than 55

years of age as of December 31, 2002, and provided that said member retired by December 31, 2002.

(App. at 544.) Schimes did not have twenty-five years of service, but he believed that he could purchase additional years of pension time. Article XXXIII, Section 3(D) permitted bargaining unit members with more than twenty-one years of actual service to purchase up to ten years of pension service. (App. at 239.) When he asked for a pension application from Thomas Barrett, who was then the President of the Pension Board, Barrett informed him that additional time could not be purchased in conjunction with the early retirement offer so Schimes would not be eligible. Notwithstanding this conversation, Schimes submitted his application and retired.

By letter dated January 13, 2003, the Pension Board notified Schimes that he did not qualify for the one-time early retirement offer. Schimes subsequently requested that he be reinstated to his job, but his request for reinstatement was denied. Accordingly, he was retired without a pension or health benefits.

Schimes sought to appeal his denial of a pension and benefits. To do so, he attended Pension Board meetings and repeatedly requested reconsideration of his pension application. Finally, on March 24, 2004, the Pension Board acted and voted to deny Schimes a pension and benefits on the basis that he had not qualified for the early retirement offer.

Having exhausted his process with the Pension Board, Schimes filed a petition in the Court of Common Pleas of Lackawanna County (the "Court of Common Pleas").

The Court of Common Pleas ordered the Pension Board to reconsider Schimes's application and to conduct a hearing where he could offer evidence. At that hearing, the Pension Board incorrectly relied upon language of an ordinance that was passed after Schimes had retired, which made it expressly clear that people in Schimes's circumstance could not purchase additional years of credit. After both sides presented evidence, the Pension Board again denied Schimes a pension.

Schimes appealed this determination to the Court of Common Pleas. It reversed the Pension Board's decision and awarded Schimes a pension. The Pension Board appealed, and the Commonwealth Court affirmed the Court of Common Pleas decision. On January 24, 2007, the Pension Board voted not to appeal the Commonwealth Court decision and to begin paying Schimes a pension.

Upset that it had taken four years to receive a pension, Schimes filed suit in the United States District Court for the Middle District of Pennsylvania. His complaint alleged that the City Appellees had, among other allegations, committed substantive due process violations, procedural due process violations, and unconstitutionally interfered with his contract rights.

The City Appellees filed a motion to dismiss all of Schimes's claims. The District Court granted the motion to dismiss for the procedural due process claim, but denied it for the remaining claims. After discovery was completed, the City Appellees filed a

4

motion for summary judgment as to the remaining claims. The District Court granted this motion.

Schimes filed a timely notice of appeal.

II.

The District Court had jurisdiction over Schimes's federal claims under 28 U.S.C. § 1983. This court has jurisdiction under 28 U.S.C. § 1291.

We exercise plenary review over grants of motions to dismiss and motions for summary judgment. *Dee v. Borough of Dunmore*, 549 F.3d 225, 229 (3d Cir. 2008); *Santiago v. GMAC Mortg. Group, Inc.*, 417 F.3d 384, 386 (3d Cir. 2005).

We will affirm a District Court's dismissal of a claim unless the plaintiff has pled:

> Sufficient factual matter . . . to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks and citiations omitted). The complaint must contain sufficient factual allegations to "raise a reasonable expectation that discovery will reveal evidence of [wrongful conduct]." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). If the plaintiff fails to demonstrate any set of facts in support of that claim which would entitle it to relief, we will affirm the District Court's dismissal. *Id.*

5

We will affirm the District Court's grant of summary judgment if the record shows that there is no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. *Dee*, 549 F.3d at 229.

III.

Schimes appeals the District Court's disposition of three claims. First, Schimes argues that the District Court erred in dismissing his procedural due process claim. Second, Schimes argues that the District Court erred in granting summary judgment to Barrett on his substantive due process claim. Third, Schimes argues that the District Court erred in granting summary judgment to Barrett on his Contracts Clause claim. We discuss each contention in turn.

First, Schimes argues that the District Court erred in dismissing his procedural due process claim. The District Court dismissed this claim because the process that the Plaintiff Appellees used was sufficient, as can be evidenced by Schimes' successful pursuit of his pension.

To state a claim for a deprivation of procedural due process, a plaintiff must allege that: (1) he was deprived of an individual interest that was encompassed within the Fourteenth Amendment protection of "life, liberty, and property"; and (2) the procedure afforded to him did not provide due process of law. *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006).

6

The parties do not dispute whether Schimes's interest in his pension was a protected property interest, but instead disagree about whether the City Appellees provided adequate due process.

We have determined that "a state provides adequate due process when it provides 'reasonable remedies to rectify a legal error by a local administrative body.'" *Bello v. Walker*, 840 F.2d 1124, 1128 (3d Cir. 1988) (quoting *Cohen v. City of Phila.*, 736 F.2d 81, 86 (3d Cir. 1984)).

Here, Schimes was able to appeal the decisions of the Pension Board to the state courts. He raised his claims, received a hearing, and ultimately prevailed. The process afforded Schimes with sufficient protection. The fact that there could have been an easier or better process does not mean that sufficient process was not provided.

We will affirm the District Court's grant of the dismissal of Schimes's procedural due process claim.

Second, Schimes argues that the District Court erred by granting summary judgment to Barrett on his substantive due process claim. The District Court concluded that, "[e]ven assuming that [Schimes] ha[d] a protected property interest in his pension, he has not produced any evidence of conduct by the defendants that would rise to the level of a substantive due process violation." (App. at 42.)

For a plaintiff to succeed on a substantive due process claim, the plaintiff must show that the defendant acted in a way that shocks the conscience. *City of Sacramento v.*

7

*Lewis*, 523 U.S. 833, 846-47 (1998). "Conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." *Id.* at 849.

Even when viewed in the light most favorable to Schimes, the evidence that he offered is insufficient to support this claim. The Pension Board was entitled to litigate its position in the state courts. The fact that its position was ultimately incorrect fails to meet the high burden of "shocking the conscience." There is no evidence that the Pension Board litigated in bad faith in order to discriminate against Schimes or to injure him in some unjustifiable manner. Additionally, there is no evidence that the City Appellees took the legal position they did in bad faith or from a desire to injure. Accordingly, we agree with the District Court:

> A jury could not conclude that such behavior shocked the conscience. The city's position, supported by advice from its solicitor, was that plaintiff was not eligible for a pension under their 2002 offer. Lower courts concluded that the City was wrong, and the City appealed. While [Schimes] was ultimately vindicated, the fact that the city acted in what it perceived to be its legal and financial interests does not demonstrate the sort of egregious conduct that would shock the conscience.

(App. at 44.)

We will therefore affirm the District Court's grant of summary judgment to the City Appellees on Schimes's substantive due process claim.

Third, Schimes argues that the District Court erred in granting summary judgment to Barrett on his Contracts Clause claim. The District Court determined that the City Appellees did not substantially impair Schimes's contract.

The Contracts Clause, U.S. Const. art I, § 10, of the Constitution, provides that, "[n]o State shall . . . pass any . . . Law impairing the Obligation of Contracts." A party seeking to prevail on a Contracts Clause claim "must demonstrate that a 'change in state law has operated as a substantial impairment of a contractual relationship.'" *Transport Workers Union, Local 290 v. SEPTA*, 145 F.3d 619, 621 (3d Cir. 1998) (quoting *General Motors Corp. v. Romein*, 503 U.S. 181, 186 (1992)). This means, for a plaintiff to win, a court must determine "(1) [that there] there is a contractual relationship; (2) . . . [that] a [subsequent] change in a law . . . impaired that contractual relationship; and (3) . . . [that] the impairment is substantial." *Id.* If these elements are met, the court must still determine "whether the law at issue has a legitimate and important public purpose and whether the adjustment of the rights of the parties to the contractual relationship was reasonable and appropriate in light of that purpose." *Id.*

In 2002, Schimes accepted Scranton's early retirement offer. At that time, it was unclear whether retirees who accepted early retirement offers could purchase additional years of service credit. In 2003, the City passed an ordinance that provided that early retirees could not purchase additional years of service to obtain early retirement. The Court of Common Pleas of Lackawanna County, Pennsylvania, concluded that the statute

9

did not apply to Schimes and that he could purchase additional years of service credit. As the statute did not interfere with Schimes's contract, he cannot meet the second prong of the *Transport Workers Union, Local 290* test.

We affirm the decision of the District Court granting summary judgment to Barrett on Schimes's Contract Clause claim.

IV.

For the reasons set forth above, we will affirm the order of the District Court.