**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2815
_____

VAMSIDHAR REDDY VURIMINDI,
Appellant

v.

CITY OF PHILADELPHIA;  COMMISSIONER FRANCES BURNS; FNA ZONING
COMMITTEE; NEW KENSINGTON CDC, (NKCDC); DARRELL L. CLARKE, 5th
District Councilman; MAYOR CITY OF PHILADELPHIA; JOHN COATES, Director,
OHCD; TERRY GILLEN, Executive Director, RDA; RICHARD F. LEVINS, President,
NKCDC; SCOTT MULDERIG, Emergency Svcs & Abatement; MICHAEL CURRAN,
Emergency Svcs & Abatement; EDWARD DEVLIN
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-10-cv-0088)
District Judge:  Honorable Edmund O. Ludwig
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 2, 2013
Before:  FUENTES, VANASKIE and VAN ANTWERPEN, Circuit Judges

(Opinion filed: April 8, 2013)
_____

OPINION
_____

PER CURIAM

Vamsidhar Reddy Vurimindi instituted this action by filing a complaint in the Philadelphia Court of Common Pleas against nineteen defendants.[1] The matter was later removed to the United States District Court for the Eastern District of Pennsylvania. The gravamen of Vurimindi's claim is that, since 2006, he has unsuccessfully attempted to develop two residential properties that he owns in Philadelphia. In addition, he has submitted applications to purchase additional vacant properties throughout the City, but the applications have been denied. He claims that the unlawful actions of the defendants have thwarted both endeavors. Vurimindi believes that he has been treated unfairly because of his national origin and his religion. Vurimindi is a native of India and a practicing Hindu.

Vurimindi amended his complaint twice after it was removed to the District Court. The defendants moved to dismiss Vurimindi's second amended complaint. The District Court granted the defendants' motions to dismiss the 76-page second amended complaint without prejudice to Vurimindi's filing a third amended complaint if, and only if, he cured deficiencies the Court identified in its decision. Vurimindi subsequently filed an 81-page third amended complaint.

After determining that Vurimindi had not corrected the deficiencies that it identified in its prior decision, the District Court granted the defendants' motions to

---

[1] Those defendants include: New Kensington Community Development Corporation ("NKCDC") and Richard Levins, President of the Board of Directors of NKCDC (collectively the "the NKCDC defendants"), as well as the City of Philadelphia and several of its departments, various current and former city employees, and City Councilman Darrell L. Clarke (collectively "the City Defendants").

dismiss the third amended complaint with prejudice. Vurimindi appeals the District Court's order.[2]

We have jurisdiction under 28 U.S.C. § 1291, and our review of the District Court's grant of a motion to dismiss is plenary. McGovern v. City of Phila., 554 F.3d 114, 115 (3d Cir. 2009). Dismissal is proper if the plaintiff fails to allege sufficient factual matter which, if accepted as true, could "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

As to the City Defendants, in his third amended complaint, Vurimindi alleged that the denial of his applications to purchase vacant properties throughout the City, and for zoning licenses to alter the properties he already owns, violated his substantive and procedural due process rights, as well as his right to equal protection.

To state a procedural due process claim, Vurimindi must show that the defendants deprived him of a protected property interest and that the state procedure for challenging the deprivation was constitutionally inadequate. Hill v. Borough of Kutztown, 455 F.3d 225, 233-34 (3d Cir. 2006); Revell v. Port Auth. of N.Y. & N.J., 598 F.3d 128, 138 (3d Cir. 2010). "[A] state provides constitutionally adequate procedural due process when it provides reasonable remedies to rectify a legal error by a local administrative body." DeBlasio v. Zoning Bd. of Adjustment for Twp. of West Amwell, 53 F.3d 592, 597 (3d Cir. 1995), abrogated in part on other grounds by United Artists Theatre Circuit, Inc. v.

---

[2] We note that a separate appeal filed by Vurimindi, docketed at C.A. No. 11-2814, was taken from this order. Because that appeal involves different defendants in a separate

3

Twp. of Warrington, 316 F.3d 392, 400 (3d Cir. 2003). We have upheld as reasonable Pennsylvania's post-deprivation judicial remedies for challenging administrative land use decisions. See Bello v. Walker, 840 F.2d 1124, 1128 (3d Cir. 1988) (explaining that Pennsylvania's "judicial mechanism with which to challenge the administrative decision to deny an application for a building permit" is constitutionally adequate), abrogated in part on other grounds by United Artists, 316 F.3d at 400. We have also held that the City of Philadelphia's scheme under the Philadelphia Code and Home Rule Charter for challenging administrative licensing decisions adequately protects the procedural due process rights of individuals. See Midnight Sessions, Ltd. v. City of Phila., 945 F.2d 667, 680-681 (3d Cir. 1991), abrogated in part on other grounds by United Artists, 316 F.3d at 400.

Assuming arguendo that Vurimindi has been deprived of a protected property interest, we agree with the District Court that he failed to state a procedural due process claim. According to Vurimindi's third amended complaint, he has pursued some, but not all, of the administrative and state court remedies available to him to challenge the defendants' allegedly improper bad acts. Vurimindi's failure to avail himself of all of the available state court appeals, including an appeal to the Court of Common Pleas, see Midnight Sessions, Ltd., 945 F.2d at 680, does not suggest that the City's post-deprivation remedies are inadequate. Dismissal of this claim was therefore appropriate.

To state a substantive due process claim, Vurimindi must show that the City Defendants deprived him of a protected property interest and that such deprivation

lawsuit, it has not been consolidated with this appeal and will be considered separately.

4

"shocks the conscience." Chainey v. Street, 523 F.3d 200, 219 (3d Cir. 2008); see also United Artists, 316 F.3d at 400-02. "'[O]nly the most egregious official conduct'" shocks the conscience. United Artists, 316 F.3d at 400 (quoting Cnty. of Sacramento v. Lewis, 523 U.S. 833, 846 (1998)). What is shocking depends on the factual context, id. at 399-400, but, in the land use context, the standard is sufficiently high to "avoid converting federal courts into super zoning tribunals." Eichenlaub v. Twp. of Indiana, 385 F.3d 274, 285 (3d Cir. 2004); see also United Artists, 316 F.3d at 402 (recognizing that the "shocks the conscience" standard "prevents [the Court] from being cast in the role of a zoning board of appeals") (internal quotation marks omitted).

In Eichenlaub, we held that allegations of inconsistent application of zoning requirements, unnecessary inspections, delaying permits and approvals, improperly increasing tax assessments, and "malign[ing] and muzzl[ing]" a property owner were not enough to shock the conscience, particularly where "[t]the local officials are not accused of seeking to hamper development in order to interfere with otherwise constitutionally protected activity at the project site, or because of some bias against an ethnic group." 385 F.3d at 286. We noted that complaints related to zoning requirements, inspections, and permits were "frequent in [land use] planning disputes" and that, while adversely affected property owners can couch such complaints as abuses of legal authority, such complaints do not rise to the level of substantive due process violations. Id.

5

Like Eichenlaub, Vurimindi's complaints are of the sort frequently at issue in zoning and land use disputes.[3] He has not alleged any conduct by the defendants that can be said to shock the conscience, and therefore he has failed to state a substantive due process claim.[4]

To state an equal protection claim, Vurimindi must demonstrate that he received different treatment than other similarly situated persons and that the disparate treatment was based on his protected class status. See Andrews v. City of Phila., 895 F.2d 1469, 1478 (3d Cir. 1990). To be "similarly situated," parties must be "alike in all relevant aspects." Startzell v. City of Phila., 533 F.3d 183, 203 (3d Cir. 2008) (internal quotation marks omitted).

Although Vurimindi alleged that he was treated differently from other developers who have purchased property in the City, he did not adequately identify any such person in his lengthy complaint. Absent specific allegations as to the allegedly similarly situated parties, he has not made plausible the conclusion that those parties exist and that they are like him in all relevant aspects. Accordingly, Vurimindi failed to state an equal protection claim.

---

[3]The crux of Vurimindi's claim is that the City's Zoning Board, its Board of Building Standards, and its licensing and inspection authority have refused to issue him zoning and building permits for his properties located at 1782 Frankford Avenue and 1510 Palmer Street. As a result, he has been unable to develop these properties, and has suffered financial loss. Although Vurimindi asserts that these zoning decisions have been arbitrary, he does not suggest *why* any of these authorities would purposely subvert his development initiatives.

[4] Because we will affirm the District Court's dismissal of Vurimindi's substantive due process claim, it follows that Vurimindi cannot succeed on his claim alleging that the

The District Court provided Vurimindi with multiple opportunities to amend his complaint and gave him specific instructions as to what must be included in order to state a claim for relief. Vurimindi did not do so. Accordingly, granting him leave to file yet another amended complaint would have been futile, and the District Court did not abuse its discretion by dismissing the third amended complaint with prejudice. See, e.g., Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

For these reasons, we will affirm the District Court's judgment. Vurimindi's motion to expedite the appeal is denied as moot.

---

City Defendants conspired with the NKCDC defendants to violate his civil rights.