NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1675
_____

RICHARD GIULIANI, SR.;
RICHARD GIULIANI, JR.,

Appellants

v.

SPRINGFIELD TOWNSHIP;
SPRINGFIELD TOWNSHIP BOARD OF COMMISSIONERS;
SPRINGFIELD TOWNSHIP ZONING HEARING BOARD;
WILLILAM R. HOUSEHOLDER, JR., D.J.;
GLENN A. SCHAUM, Commissioner, Springfield Township;
JEFFERY T. HARBISON, Commissioner, Springfield Township;
BAIRD M. STANDISH, Commissioner, Springfield Township;
ROBERT E. GILLIES, JR., Commissioner, Springfield Township;
ALISON MCGRATH PIERCE, Commissioner, Springfield Township;
JAMES E DAILEY, Commissioner, Springfield Township;
DOUGLAS J. HELLER, Commissioner, Springfield Township;
DONALD E. BERGER, Township Manager, Springfield Township;
JOSEPH DUNLOP, Zoning Officer, Springfield Township;
CHARLES H. BAILEY, Code Enforcement Officer, Springfield Township;
RICHARD LESNIAK, Code Enforcement Officer, Springfield Township;
AMY RIDDLE MONTGOMERY, P.E. Code Enforcement Officer, Springfield
Township;
JOSEPH BAGLEY, Springfield Township
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-10-cv-07518)
U.S. District Judge:  Honorable Thomas N. O'Neill, Junior
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)

Submitted December 15, 2017

Before: CHAGARES, RESTREPO and FISHER, *Circuit Judges*.

(Filed: March 6, 2018)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

This lawsuit grows out of a protracted zoning and land-use dispute between property owners and their municipality. The property owners, Richard Giuliani, Sr. and Richard Giuliani, Jr., filed suit under 42 U.S.C. § 1983 claiming procedural and substantive due process violations. The District Court entered summary judgment in favor of Defendants Springfield Township, its Board of Commissioners, its Zoning Hearing Board, and township officials.[1] Plaintiffs appeal. We will affirm.

I.

*A. The Property and the Tenancy of Future Commissioner Schaum*

In 1996, Plaintiffs bought a five-acre industrial property. There were a half dozen tenants on the property and in its three structures (an office building, a warehouse, and a Quonset hut). In late 1996 and early 1997, Plaintiffs' property manager sent several

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Following the convention of the District Court and the parties, we refer to Defendants collectively as "the Township."

2

letters regarding delinquent rent to tenant Glenn Schaum. Eviction proceedings, although threatened, never took place because Schaum voluntarily vacated the property. Later in 1997, Schaum was elected to the Springfield Township Board of Commissioners.

*B. The Township's Requests for a Land Development Plan*

In 2001, the Township told Plaintiffs—twice—that they needed to submit a land development plan for their property. No plan had ever been submitted by the property's former owners. The Township's first notification was in response to Plaintiffs' inquiry about improvements they contemplated making to the property. The second notification cited the Pennsylvania Municipalities Code, which requires a land development plan when a property owner enters into multiple leaseholds. In July 2002, eight months after the second notification, Plaintiffs submitted a conceptual or sketch plan.

In July 2003, the Township notified Plaintiffs a third time that a land development plan was required. The letter said that if a plan was not submitted in thirty days, the Township would "commence enforcement actions."[2] Instead of filing a plan, Plaintiffs applied for a zoning variance with regard to the required number of parking spaces.

While the Township was repeatedly requesting a land development plan, Plaintiffs continued to rent the property to multiple tenants. Also during this time period, the Township issued a citation for lack of a development plan and a notice of multiple code violations.

---

[2] App. 4489.

3

*C. The Outcome of the Land Development Plan*

In February 2004—more than two years after the Township's first letter advising Plaintiffs that a land development plan was needed, and seven months after the "formal notice" to the same effect—Plaintiffs finally submitted a plan. The Township engineer and Plaintiffs' land use consultant subsequently engaged in three rounds of review and revision of the plan. The engineer and the consultant both testified at deposition that this iterative process was common in land development.

While the Township engineer and Plaintiffs' consultant were going back and forth on the plan, the Township Code Enforcement Officer/Fire Marshal inspected the property and identified code violations. He concluded, among other things, that § 1702.8 of the Building Code required a fire suppression system to be installed because part of the property was being used for auto repair. Plaintiffs appealed the Fire Marshal's ruling to the Board of Commissioners.

In August 2004, the Township agreed to abandon or modify some of the engineer's latest conditions. At that point, Plaintiffs' land use consultant was optimistic that the remaining work could be completed in a week and that the plan would be approved. But, for reasons the consultant never knew, Plaintiffs directed him to stop work on the project.

Despite stopping their consultant's work, Plaintiffs sought extensions for plan approval and the appeal of the fire suppression system ruling. The Township sent a letter

saying that the extensions would be granted until November 30—on the condition that Plaintiffs make substantial progress on both matters by the time of the Commissioners' November meeting. Otherwise, the letter warned, the Commissioners would decline further extensions and decide both matters based on existing documentation.

The Commissioners did indeed act before November 30, as they had said they might. At their November 8, 2004 meeting, the Commissioners voted to deny the fire suppression system appeal and the land development application. They sent a letter to Plaintiffs explaining the reasons for denial of the plan, several of which were issues the Township had agreed in August to modify or abandon. Plaintiffs appealed both decisions to the Montgomery County Court of Common Pleas. The court summarily affirmed. Plaintiffs did not appeal to the Commonwealth Court, as they had the right to do.

*D. The State Court Lawsuit*

In January 2005, the Township sued Plaintiffs in the Court of Common Pleas, requesting an injunction directing that the property be vacated until the code violations had been addressed. The parties subsequently settled some of the issues in the Township's lawsuit and litigated others to judgment. Under the settlement, Plaintiffs would install a fire detection (not suppression) system, Plaintiffs would obtain use and occupancy permits before any new tenants moved in, and the Township would withdraw the outstanding citations. Under the court order disposing of the remaining issues, Plaintiffs could not enter into or extend any leases before they complied with the code by,

5

among other things, obtaining approval for a land development application. The court also ordered that three of Plaintiffs' tenants vacate the property. Plaintiffs did not appeal.

### E. The Conflicts Continue

With the parties' state court actions concluded as of March 2006, the record goes quiet for two and a half years. Then, in September 2008, the Township wrote letters to Plaintiffs—and began issuing daily citations—because vehicles were being stored on the property for multiple owners. The Township said the Court of Common Pleas' order did not allow this. A district justice found Plaintiffs guilty of the cited offense and they appealed to the Court of Common Pleas.

The Township also sent Plaintiffs a separate letter stating that the property appeared to be in use as a school bus terminus, which was not permitted for property zoned as industrial. Plaintiffs appealed to the Zoning Hearing Board, which ruled in their favor.

### F. Plaintiffs' Assertions about Defendants' Motives and Conduct

Plaintiffs assert that the record is replete with evidence of Township officials' hostility and harassment. For example, they say that the fire suppression requirement was "hypocritical" because it had not been considered necessary when Glenn Schaum, who later became a Township commissioner, was a tenant.[3] However, the auto body business that triggered the fire suppression system requirement moved onto the property six years

---

[3] Appellant's Br. 7.

after Schaum vacated.

Plaintiffs also say that Township officials insisted they obtain building permits for minor repairs such as repairing broken window glass. Their appendix citations show that they applied for a permit to replace windows, not to repair broken glass.[4] As a final example, Plaintiffs cite a letter from the Township to one of their tenants saying that rubbish could not be stored on the property. Plaintiffs claim that the rubbish had been put out for same-day pickup, but their appendix citations provide no evidence that the items were picked up the same day they were put out.[5]

### G. Procedural History

In December 2010, Plaintiffs filed this lawsuit. Relevant to this appeal, they asserted claims under 24 U.S.C. § 1983 for violations of their procedural and substantive due process rights. After no fewer than five years of discovery, the District Court granted Defendants' motion for summary judgment.

### II.

The District Court had federal question jurisdiction.[6] We have appellate jurisdiction to review the District Court's final order.[7] "We review a district court's grant

---

[4] Appellants' Br. 5 (citing App. 4477-81, among other appendix pages).
[5] Appellants' Br. 4-5 (citing App. 4487, among other appendix pages).
[6] 28 U.S.C. § 1331.
[7] 28 U.S.C. § 1291.

7

of summary judgment de novo, applying the same standard as the district court."[8] Viewing the facts in the light most favorable to the non-movant, we affirm if there is no genuine issue of fact and the movant is entitled to judgment as a matter of law.[9]

## III.

## A.

Plaintiffs argue that there is a genuine issue of material fact regarding their procedural due process claim because the Township's zoning and land use procedures were subverted for personal ends and were a sham. Their argument misapprehends the law.

In order to establish a procedural due process violation, the plaintiff must show that "the state procedure for challenging the deprivation does not satisfy the requirements of procedural due process."[10] A District Court case concisely expresses the point that Plaintiffs miss: "the focus in procedural due process claims is on the adequacy of the remedial procedure, and not on the government's actual actions that allegedly deprived the individual of his liberty or property interest."[11]

---

[8] *S.H. ex rel. Durrell v. Lower Merion Sch. Dist.*, 729 F.3d 248, 256 (3d Cir. 2013).

[9] *Id.*; Fed. R. Civ. P. 56.

[10] *DeBlasio v. Zoning Bd. of Adjustment*, 53 F.3d 592, 597 (3d Cir. 1995), *abrogated on other grounds by United Artists Theatre Circuit, Inc. v. Twp. of Warrington, PA*, 316 F.3d 392 (3d Cir. 2003).

[11] *K.S.S. v. Montgomery Cnty. Bd. of Comm'rs*, 871 F. Supp. 2d 389, 397-98 (E.D. Pa. 2012).

"[A] state provides constitutionally adequate procedural due process when it provides reasonable remedies to rectify a legal error by a local administrative body."[12] Thus, "when a state 'affords a full judicial mechanism with which to challenge the administrative decision in question,' [it] provides adequate procedural due process, whether or not the plaintiff avails him or herself of the provided appeal mechanism."[13] The District Court outlined Pennsylvania's appeal process for the Township's decisions. That process provides reasonable remedies for parties who are aggrieved by local land use decisions, including review by the Court of Common Pleas and/or the Board of Commissioners, plus further review by Pennsylvania appellate courts.[14]

Plaintiffs' arguments focus solely on how the Township arrived at the decisions to deny their land use application and fire code appeal. They do not argue that the remedial process (of which they partly availed themselves, appealing as far as the Court of Common Pleas) failed to provide reasonable remedies. The District Court did not err in granting summary judgment on their procedural due process claim.

B.

Plaintiffs' substantive due process argument also fails. We determine "whether a zoning official's actions or inactions violate [substantive] due process . . . by utilizing a

---

[12] *DeBlasio*, 53 F.3d at 597.
[13] *Id.* (quoting *Bello v. Walker*, 840 F.2d 1124, 1128 (3d Cir. 1988)).
[14] *Giuliani v. Springfield Twp.*, 238 F. Supp. 3d 670, 690-91 (E.D. Pa. 2017).

'shocks the conscience' test."[15] This test "is designed to avoid converting federal courts into super zoning tribunals" by limiting substantive due process violations to "only the most egregious official conduct."[16]

Plaintiffs argue that a reasonable factfinder could conclude that three of the individual Defendants' actions "rested on revenge and spite."[17] As our precedents make clear, this is beside the point. In *United Artists Theatre Circuit, Inc. v. Township of Warrington*, we applied Supreme Court precedent and rejected the improper-motive standard. We ruled that the substantive due process test is, instead, whether local officials' conduct shocks the conscience.[18]

Plaintiffs do not argue, nor does their lengthy factual recitation show, that the Township's behavior shocks the conscience. In *Eichenlaub v. Township of Indiana*, we held that it is not enough to show that officials "applied subdivision requirements to [the plaintiffs'] property that were not applied to other parcels; that they pursued unannounced and unnecessary inspection and enforcement actions; that they delayed certain permits and approvals; that they improperly increased tax assessments; [or] that they maligned and muzzled the [plaintiffs]."[19] The evidence Plaintiffs point to here falls short of even the level of evidence that, we concluded, was insufficient to create a genuine issue of

---

[15] *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 285 (3d Cir. 2004) (quoting *United Artists*, 316 F.3d at 399).
[16] *Id.* (quoting *United Artists*, 316 F.3d at 400).
[17] Appellant's Br. 23; *see also id.* at 12-18.
[18] *United Artists*, 316 F.3d at 400-01.
[19] 385 F.3d at 286.

material fact in *Eichenlaub*.

Plaintiffs seize on our statement that "corruption or self-dealing" would violate due process.[20] But there is no evidence of corruption or self-dealing, such as bribery or an attempt by a Township official to acquire the property for himself or herself. Indeed, the record mainly reveals Plaintiffs' own obstinacy and delay. Having thoroughly reviewed the record, as did the District Court, we conclude there is no evidence of conscience-shocking behavior, and thus no genuine factual dispute on the issue.

## IV.

For the reasons set forth above, we will affirm.

---

[20] *Id.*