**ALD-015**                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2720
_____

PAUL RENO LIVENGOOD,
                                              Appellant,
v.

BUREAU OF PRISONS; ARCHIE LONGLEY, WARDEN
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 11-cv-00019)
Magistrate Judge: Susan Paradise Baxter

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 18, 2012
Before: SLOVITER, VANASKIE and WEIS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November1, 2012)
_____

OPINION
_____

PER CURIAM.

Appellant Paul Livengood, a federal prisoner, appeals the Magistrate Judge's order denying his petition for writ of habeas corpus, 28 U.S.C. § 2241.[1]  For the reasons that follow, we will summarily affirm.

Livengood was sentenced on December 3, 2007 in the United States District Court for the Western District of Pennsylvania to a term of imprisonment of 70 months for violating 18 U.S.C. § 922(g)(1) (felon in possession of a firearm) and 26 U.S.C. § 5861(d) (possession of an unregistered firearm).  Because Livengood does not have a high school diploma, he participated in the Bureau of Prison's literacy program in an effort to earn his General Equivalency Degree ("GED").  By December 2, 2008, he had earned 240 credit hours in the literacy program, and was making "good progress" and was demonstrating "good effort."  He then took but did not pass the GED examination.  Although the literacy program was no longer mandatory for him, because he had completed 240 instructional hours, Livengood continued to participate, enrolling in a GED preparation class.

By August 19, 2009, Livengood had completed 480 credit hours in the literacy program and was making "good progress" and was demonstrating "good effort."  On January 28, 2010, Livengood withdrew from his GED class but continued with the BOP's literacy program by substituting enrollment in a Life Skills program, officially known as the GOALS program.  On March 5, 2010,

---

[1] The parties consented to jurisdiction by a United States Magistrate Judge, see 28 U.S.C. § 636(c)(1).

Livengood withdrew from the GOALS program, putting an end to his GED and/or literacy classes. He was counseled by prison staff that his status would change from "GED Satisfactory Progress" to "GED Unsatisfactory Progress," to no avail. He signed and executed the GED Program Withdrawal/Refusal Form, which contained a written warning that, as an inmate in GED Unsatisfactory Progress status, and in accordance with 28 C.F.R. § 523.20(c), he would be eligible to receive only 42 days of good conduct time per year served, and not the maximum 54 days that inmates making satisfactory progress are eligible to earn.

Livengood challenged the reduction in his good conduct time earning rate through the BOP's administrative grievance process, alleging that he was entitled to receive 12 additional days of good credit time for each of the years that his GED progress was listed as "unsatisfactory, " notwithstanding his voluntary withdrawal from the BOP's literacy program. The BOP denied his grievance, including at the highest level.

On January 21, 2011, Livengood filed a petition for writ of habeas corpus, 28 U.S.C. § 2241, in the United States District Court for the Western District of Pennsylvania, in which he contended that the reduction in his good conduct time earning rate constitutes "discipline" for withdrawing from the literacy program in violation of 28 C.F.R. § 544.73(c). Following the submission of an answer by the

BOP and the administrative record, the Magistrate Judge denied the petition on the merits.

Livengood appeals. We have jurisdiction under 28 U.S.C. § 1291. Our Clerk granted Livengood leave to appeal in forma pauperis and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, and he has done so. Under Third Circuit LAR 27.4 and I.O.P. 10.6, we may summarily dispose of an appeal when it clearly appears that no substantial question is presented by the appeal. We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact. See Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002).

The Prison Litigation Reform Act ("PLRA") established a "mandatory functional literacy" program for "for all mentally capable inmates who are not functionally literate." 18 U.S.C. § 3624(f)(1). Inmates are required to participate in the program for a period of time "sufficient to provide the inmate with an adequate opportunity to achieve functional literacy." Id. at § 3624(f)(2). In addition, the BOP is required to offer "appropriate incentives which lead to successful completion of such programs." Id. Pursuant to the regulations which implement the statute, inmates who do not have a high school diploma or GED are required to participate in the program "for a minimum of 240 instructional hours or

4

until a GED is achieved, whichever occurs first." 28 C.F.R. § 544.70. Failure to complete 240 hours of instructions in the program can result in disciplinary action. 28 C.F.R. § 544.75 ("As with other mandatory programs, such as work assignments, staff may take disciplinary action against an inmate lacking a GED credential or high school diploma if that inmate refuses to enroll in, and to complete, the mandatory 240 instructional hours of the literacy program.").

Inmates who are serving a term of imprisonment of more than one year are eligible to receive up to 54 days of good conduct time at the end of each year, 18 U.S.C. § 3624(b)(1). "In awarding credit under this section, the Bureau shall consider whether the prisoner … has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree." Id. See also 28 C.F.R. § 523.20(c)(1) ("For inmates serving a sentence for an offense committed on or after April 26, 1996, the Bureau will award *** 54 days credit for each year served (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has earned or is making satisfactory progress toward earning a GED credential or high school diploma."). An inmate "shall be deemed to be making satisfactory progress toward earning a GED credential or high school diploma unless" the inmate refuses to enroll in the literacy program; the inmate commits a prohibited act during the program, or the inmate withdraws from the program. 28 C.F.R. § 544.73(b)(1)(i)–(iii). "[I]f the

5

inmate has not earned or is not making satisfactory progress toward earning a GED credential or high school diploma," the BOP shall award only 42 days of good conduct time. 28 C.F.R. § 523.20(c)(2).

It is undisputed that Livengood completed the mandatory 240 hours of instruction, that he did not pass the GED examination, and that he continued on with the BOP's literacy program by participating in the GOALS program, but then he voluntarily withdrew from that program in March, 2010, thus earning himself "GED unsatisfactory" status. He does not contend that anything other than *his own voluntary withdrawal* from the GOALS program caused his status to change from satisfactory to unsatisfactory. The regulation provides that withdrawal from the literacy program constitutes a basis for loss of "GED satisfactory" status, 28 C.F.R. § 544.73(b)(1)(iii), and the statute, 18 U.S.C. § 3624(b)(1), provides that, based on his "GED unsatisfactory" status, Livengood is not eligible to earn the maximum good conduct time of 54 days per year. After he withdrew from the literacy program, Livengood was not an inmate who "has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree." 18 U.S.C. § 3624(b)(1); 28 C.F.R. § 523.20(c)(2). The reduction in his good conduct

6

time earning rate from 54 to 42 days was thus authorized by statute and regulation.[2]

Livengood correctly notes that, pursuant to regulation, he cannot be disciplined for choosing to drop out of the literacy program once he has completed the mandatory 240 hours of instruction, see 28 C.F.R. § 544.73(c) ("At the end of 240 instructional hours, … the unit team … shall meet with the inmate to encourage continued participation in the literacy program until the inmate earns a GED credential or high school diploma.  At these meetings, the inmate may elect not to continue in the literacy program, and no disciplinary action will be taken."). The record establishes that he did indeed complete 240 instructional hours, but it also establishes that no disciplinary action was ever taken against him.  Bureau of Prison records indicate that no incident reports were filed, no misconduct hearings were held, and no sanctions were imposed as a result of Livengood's voluntary withdrawal from the GOALS program.  The reduction in his good conduct time earning rate was not a sanction imposed pursuant to a misconduct adjudication. Accordingly, section 544.73(c) of the federal regulations does not support his claim for relief.

---

[2] Program Statement 5350.28 provides instruction to BOP staff for administering the literacy program but it does not introduce any additional requirements that have any bearing on Livengood's case.

Livengood also argues that, ultimately, he completed 573 instructional hours before he dropped out of the GOALS program, and, by statute, only 240 hours of instructional time are actually mandatory. He thus should not be considered to be in "GED unsatisfactory" status, and he should be eligible to continue receiving the maximum of 54 days of good conduct time. He notes that, because he dropped out of the GOALS program, he also is not permitted to continue with his computer class, and he cannot earn anymore than the lowest rate of salary for his prison job. The reduction in his good conduct time earning rate and the other negative consequences of his decision to drop out are punishments, he argues, tantamount to discipline, and a violation of constitutional due process.

We do not agree. Substantive due process protects the individual from the arbitrary exercise of the powers of government. See Bello v. Walker, 840 F.2d 1124, 1128 (3d Cir. 1988). The BOP's literacy program is plainly crucial to an inmate's successful reintegration into society, see P.S. 5350.28, Section 1, Purpose and Scope ("literacy program is designed to help inmates develop foundational knowledge and skill in reading, math, and written expression, and to prepare inmates" to get the GED credential because a "high school diploma is the basis academic requirement for most entry-level jobs" and "[p]eople who function below this level often find it very difficult to get a job and carry out daily activities"), and

8

it is not arbitrary or fundamentally unfair to give the maximum good conduct time reward to inmates who persevere in the program.

For the foregoing reasons, we will summarily affirm the order of the District Court denying Livengood's petition for writ of habeas corpus.